Martin, J.
delivered the opinion of the court. ¿ . The defendant’s counsel urges that the princi pal question in this case lias been settled by tlus court, in the cases of Dunwoody vs. Johnson, and Smith vs. Flower & al. while the plaintiffs’contends, that we have pronounced opinions impliedly #in diametrical opposition with the decision in these cases^-which, he Relieves, to have been decided hastily, and ,with little consideration.
The case of Dunwoody vs. Johnson received/ from this court all the attention which we are accustomed to bestow on those in which we have to, pronounce without the aid of counsel. As in sugh cases we are more exposed to err, we are ir# the habit of submitting them to a more severe scrutiny. In that, however, the question to be determined had been agitated two years before, in the case of Delisle vs. Gaines, in which, neither any member of this court, nor any of the counsel engaged, appear to have entertained any doubt of the law being as it was finally settled in that of Dunwoody vs. Johnson. In this latter case, the cottnsisl’ of the plaintiff did not apply for a reconsideration of the question, and in a subsequent case, Smith vs. Flower & al. no doubt occurred of the law being as it had been settled. The *556 court, whose judgment was reversed in the case of Dunwoody vs. Johnson, informs us in its opinion in the present case, that it “thought and said repeatedly it had no jurisdiction, ⅛4 the jury in spite thereof gave a verdict for one of the parties, and the court thought itself hound to give, judgment.” *
%e cases, which the plaintiffs’ counsel cites, go but a very little -way, indeed, to establish the position he contends for. Those of L s Caygas vs. Larionda’s syndics & Rion vs. Rion’s syndics are merely, what the Spanish law calls incidentes of the main cause, of these insolvents against their creditors; collateral suits, exclusively cognizable in the court seized of the principal ones, and which would have been cumulated thereto, had they been instituted in any other court, before the inception of these principal cases. Those of Ralston vs. Pamar, Perry vs. Flower & al. and Harvey vs. Fitzgerald, were cases in which the cause of action originated in this city: the goods, payment of which was asked in the first, for the preservation or conveyance of which compensation, was claimed in the two next, and an account of which was demanded in the last, had been delivered to the respective defendants in New Orleans. The case of Smith & al. vs. *557 Elliot came up on a bill of exceptions, and the attention of this court was necessarily confined to a review of the opinion excepted to. Ferry vs. Legras, and Forsyth vs. Nash, are cases in which the plaintiff's failed to establish their claims, and the defendants’ counsel thought it more fór the interests of their clients to have judgment on the merits, than to stir the question of jurisdiction. Cooley vs. Lawrence is the only one, among the cases presented to us, in which a plaintiff succeeded in an action brought up from the court of the parish and city of New-Orleans, on a contract made out of that parish! The question of jurisdiction not hálnig beep raised, nothing can be inferred from this court not having withdrawn its attention, from the points to which the parties called it, to arrest it on one, of which neither of them saw fit to avait hiniself Of.
We have, however, examined the question, raised by th% plaintiffs’ counsel, without any prepossession fróm forüier upinions.
The legislature has givein fif the Court, 1⅛ which the present suit was instituted, jurisdic* tion of all civil cases oiifijiñatíttg in the parish. The*plaintiffs’' counsel contends that the w ;rí caiei iSjhere synonimous with the word actions, *558 the defendant urges that it is gynotti-mons with the words contracts or
If With the plaintiffs’ counsel we read, jurisdiction of all dril actions originating in the we will arrive at a senseless result: fot the expressions will include nqy action .which a suitor may see fit to originate in the court, and tile object of a section, intended to describe the jurisdiction of a court, is badly: answered by a declaration fhat it extends to all suits which may be brought in it.
We are told that the pnly restriction intended was to prevent the inhabitants of the parishes of 8⅜⅛ John the Baptist, St. Charles and St. Bernard, which, with that of Ne\\ -Orleans, constitute the first judicial district, being dragged chit of their parishes before the new court. While it is admitted that these inhabitants may be dragged out of their respective parishes before, the district court, which sits in the samé pity, and generally in the same buil jing, it is ppt easy to conceive that the al-i fedged restriction Would be of, any' avail to them.
we read with the defendant’s counsel ju-$i$dipfion of all contracts, pR torts, originating in the parish, we arrive,at,.a correct,,:^ snlt. The exclusion of contracts ©r torts, *559 originating, out of the parish ajipears congruous * * . » ' _ ' « with the provision, that the salary ot the pa-rishjudge shall not bé a state charge, hut shall be paid out of the parish treasury, an»! we per* ceive the wisdom of the provision,¿that a court held at the expense of the inhabitants of a parish shall exclusively attend t%the concerns of that parish.
But, it is said, that if- we give the meaning supported by the defendants counsel to the word cases in this act, we must give the same meaning to the same word in the fpaTth section of the act establishing the district court* and then, in the latter act, we will arrive at an incongruous result. It does not necessarily follow, that a word must invariably hate the same meaning ⅛ every statute in which it is found. But the jurisdiction of the district court is not* as the counsel for the plaintiffs states^ established, by the 4th section of the act of 1813, but by the 15th and l6tb, which provide that it shall have the same powers as the superior court tiff the late territory. The 4th section •. provides for the place of trial: we may, therefore, conclude, that the cases, spoken óf, are sudrff& which the word trial is, applicable, viz. ..⅛⅜⅝ tims,. '
*560 That the wdrd is to be understood in a dif* „ . V. ' • „ , ferent sense in the two acts is apparent from it* tranStasted by. different words in the French pitrts of-'these acts.
Another feattsideration is that the limitation, of the jurisdiction of the court of die parish and city of New-Orleans, is precisely the same, which is given to corporation courts, mayor’s Courts, fee. which is confined to cases in which the cause, of action originates within the limits of the corporation.
After the most mature consideration the court is of opinion, that the view of the suoject, taken by this court whenever it has come under their consideration, is uot an erroneous one.
But it is contended, that, as the hill of ex* Change endorsed by the defendant was payalde in New-Orleans, the cause of action accrued, there. This suit arises on* a contract of en* dorsement ; the defendant entered in no other with the plaintiffs; they do not pretend that this action is grounded on a tort.
An endorser undertakes that, if the drawee cannot be found at the place mentioned, or re* fuses to hotter the bill, and the endorsee, afteif fulfilling all the formalities which the law re^ quires, gives timely notice to the endorser, he *561 will pay the amount of the bill, with such costs and damages as the law allows. The endorsement is a conditional promise, which when the condition is performed, is to be kept in the same manner as an absolute promise, at the domicil of the promisor, or where he may be fomsd. Now, in the present case, the endorsement was made at Nashville, and the notice,pf non-payment was sent there: on receiving it the defendant was bound to pay. He was sua-ble instantly, and on the spot; and if Nashville has an incorporated court whose jurisdiction is limited to cases, in which the cause of action arises within the limits of the town, he was suable in it. So, if an insurance company in New-Orleans insured goods on board a steamboat, on a voyage from Natchez to Nashville, in case of a loss, the company could be sued in the court of the parish and city of New-Orle*as: for the contract, which is the cause of action originated there; although no part of the contingency on which the payment depended was to happen there.
We conclude, that the parish court erred in overruling the plea in abatement. — It is, therefore, ordered, adjudged and decreed (Derbigny^ J. dissenting) that the judgment of the parish *562 court be annulled, avoided and reversed, and that the SU^ be a^ated at the plaintiffs’ costs in both courts.
See April term, an application for a rehearing.