SIMON MUSSINA ET AL. V. B. A. SHEPHERD ET AL.

1. VERDICT.—A verdict on special issues must contain facts sufficient to support a judgment.
2. AUDITOR'S REPORT, although not impeached, cannot be taken into consideration in rendering judgment upon a special verdict, although the report was admitted without objection in evidence.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

This suit was originally commenced by George Goldthwaite, as trustee, against the Houston City Mills Manufacturing Company, to foreclose a deed of trust given by said company upon its property and franchises, to secure the payment of certain bonds executed by said company.

The company was served with process to answer the suit of said Goldthwaite, but made no appearance or defense.

During the progress of the cause Simon Mussina filed a petition and amended petitions, as intervenor, representing that he was a stockholder in said company; resisting the debt and trust of Goldthwaite; alleged that Shepherd, House, Hutchins, and J. P. Willis & Bro. were directors of said company when the said bonds and trust were executed; that they are the owners of said bonds; that the suit was brought for their benefit; that said bonds and trust are unauthorized and fraudulent; and praying that the bonds and trust be declared invalid; that an auditor be appointed to take an account of the business of the company; that its affairs be wound up, its debts paid, and that he have judgment for his proportion of the proceeds of the property of the company, and for costs and general relief.

John E. Owens and Alexander McGowen also filed similar petitions, and McGowen also claimed to be a creditor of the company, and asked judgment for his debts.

These petitions of intervention were not served upon the

original defendant, the Houston City Mills Manufacturing Company.

During the progress of the cause B. A. Shepherd, W. J. Hutchins, T. W. House, and P. J. Willis & Bro. also intervened, and admit that they are the owners of said bonds, and allege that they were delivered to them in consideration of money advanced to and expended for said company to complete its buildings, buy its machinery, and put its factory in operation. That if the court shall consider said bonds unauthorized and invalid, then they say that a large amount of said advances, to wit, about the sum of $52,719$\frac{96}{100}$, was advanced to and expended in good faith as aforesaid for said company before said bonds were issued, for which they pray judgment against said company. This last petition was never served upon the original defendant, although it too introduced a new and different cause of action.

There was an auditor appointed by the court, who made a report.

There was a judgment by default against the original defendant.

The case was submitted to a jury, upon special issues, and a special verdict was returned, which is in the following words:

"*Answer of Jurors.*—Answer to No. 1. We believe all the advances were made in good faith, and the books of the Houston City Mills Manufacturing Company we believe correct; and also believe that the said advances were made upon the faith of said resolutions, and the money so realized was applied to the benefit of the Houston City Mills Manufacturing Company. A. McGowen was not present.

"No. 2. He is a creditor for one engine, amounting to $10,000, coin, with interest from January 1, 1868, to August 31, 1871, at eight per centum, amounting to $12,-933.28.

"No. 3. John E. Owens has two shares of stock, amounting to $1,000. Simon Mussina has six shares, amounting

to $3,000.  Amount of shares, $500 each.  Said stock was paid for land sold by Brady and Owens.

No. 4. We claim for McGowen the excess of value over his stock subscription.  We believe McGowen furnished machinery, etc., and agreed that it should go in satisfaction of his subscription to the capital stock.

" No. 5. No fraud whatever.

" No. 6. We believe all the acts have been done in good faith.

" No. 7. The stock, originally by Brady, is the stock now owned by Owens & Mussina, and we believe Brady was present when officers of the Houston City Mills were elected.

" C. RASCHWITS, *Foreman.*"

Upon the above verdict the District Court rendered judgment against the Houston City Mills Manufacturing Company, in favor of William J. Hutchins, for $24,480\frac{96}{100}$, with interest at twelve per cent. per annum from date; also in favor of P. J. Willis & Brother, for $35,323\frac{46}{100}$, with like interest; also in favor of B. A. Shepherd, for $35,754\frac{50}{100}$, with like interest; also in favor of T. W. House, for $35,370\frac{54}{100}$, with like interest; and directed that an order of sale issue to the sheriff of Harris county, commanding him to sell, as under execution, the grounds, buildings, and machinery belonging to defendant, and pay the proceeds, *pro rata*, to the payment of the said Shepherd, Hutchins, House, and P. J. Willis & Brother, and the surplus, if any, to apply as afterwards directed.

The court further decreed that A. McGowen, as a general creditor, without lien, have judgment against said company for $2,933\frac{25}{100}$, to be paid by said sheriff out of the proceeds of said sale, after the satisfaction of the debts of Hutchins, House, Shepherd, P. J. Willis & Brother.

The court further decreed that the intervenors, Simon Mussina, John E. Owens, and Alexander McGowen, be recognized as stockholders of the said company, as follows: John E. Owens, for two shares of $500 each; Simon Mus-

sina, six shares of $500 each; Alexander McGowen, twenty shares of $500 each.

The court further decreed that, after satisfying the debts against said company, the surplus, if any, remains to be applied to all the shareholders of the capital stock of said company *pro rata;* the costs of the suit to be taxed against defendants, and to be paid out of the proceeds of sale by sheriff.

The court further decreed that, as defendant is an insolvent corporation, it is ordered that John T. Whitfield be appointed a commissioner to sell the franchise of said company, at the same time and place as said sale to be made by the sheriff, and make a report of the same at the first term of the court after said sale; and should the proceeds of said sheriff's and commissioner's sale exceed in amount the sums herein adjudged against the defendant, the said excess be paid into the registry of this court, to be distributed under the orders of this court among the parties who may hereafter show themselves entitled thereto.

The court further decreed that said judgment is made without prejudice to general or ordinary creditors whose debts as such have not been established.

The intervenors moved for a new trial, which was refused. They also moved to set aside the judgment and to render a judgment in their favor, which was also refused. The intervenors appealed.

There is no statement of facts.

This case was reversed and reformed by the former court July 14, 1873. An opinion was delivered by Evans, P. J., on the merits. A rehearing was granted by the same court.

*W. P. Hamblin,* for appellants.

*George Goldthwaite, E. M. Pease, and A. J. Hamilton,* for appellees.

Ireland, Associate Justice.—From the length of time

this case has been before this court it is to be regretted that it is now found to be in a condition that precludes us from deciding the case on the merits.

The jury were told to ascertain the amounts advanced by the respective parties. They found all the issues, as far as they went, in favor of the plaintiffs. There is, however, nothing in the verdict from which the court could determine what amount plaintiffs had advanced to defendant on the bonds or otherwise. The court, however, treating the auditor's report, which had not been impeached, as a part of the record, and in evidence, proceeded to gather from it the amounts due the parties, and entered a decree accordingly. If there had been no other parties before the court but plaintiffs and the co-defendant, and there had been a default, as in this case, the demands being liquidated and evidenced by writings, we probably would not have thought it necessary to disturb the judgment. Here, however, there was a jury and other parties claiming interests, and the verdict should have been such as to enable the court to see what amount was due to each party. The auditor's report could not supply that omission. (Whitehead *v.* Perie, 15 Tex., 11.)

It would be a useless consumption of time, besides embarrassing in the future, to discuss questions upon pleadings without a full statement of facts. We will merely remark that it does not appear from the record before us that the equities of the case were not reached by the judgment rendered in the court below; but we leave the questions open for future presentation. The record is needlessly incumbered with papers that are of no practical use. For the defect in the verdict the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.