Opinion delivered March 23, 1888.

—

No. 2505.

THOMAS S. HEFLIN v. THOMAS BURNS ET AL.

1. AMENDMENT—PLEADING.—A judgment will not be reversed on account
of the refusal of the trial court to permit a plea to be entered or
amended after the close of the argument on the trial. Pleadings may
be amended on such terms as the court may impose before the parties
announce themselves ready for trial, and not thereafter.

2. LIMITATION.—To sustain the plea of limitation of five years, continuity
of possession and privity in the title are requisite, with the other con-
ditions of hostile claim. When possession is claimed under different
titles, and the requisite term of occupancy has elapsed under neither,
but the possession under one title must be tacked to that under an-
other in order to make out the five years, a privity must be shown be-
tween the various titles under which possession is claimed, or its con-
tinuity will be broken, and the statute will not avail the defendant.
See opinion for facts showing the requisites of privity of title and con-
tinuity of possession.

3. CHARGE OF COURT.—While it is irregular to submit to the jury special
issues, and also to require a general verdict, it will not afford ground for
reversing a judgment unless, from an examination of the case, it ap-
pears probable that injury resulted therefrom.

4. SPECIAL ISSUES.—There is no uniform practice determining the mode of
forming and submitting special issues to a jury; they may be prepared
by counsel and sanctioned by the court, formulated by the judge at
the request of counsel, or on his own motion, to meet the requirements
of the case in the furtherance of justice. When a special verdict is
rendered, no other facts can be looked to in aid of the judgment.

5. SAME—JUDGMENT.—It is not necessary that a judgment should declare
upon what portion of a verdict finding special issues it is based.

6. INTERPRETATION OF STATUTES.—Rights may be as securely acquired under statutes of limitation as by any other method. Such statutes are designed to quiet titles, and the courts will not obstruct the object of their enactment by technical strictness in construing them.

APPEAL from Galveston.    Tried below before the Hon. W. H. Stewart.

*Albert N. Mills,* for appellant:   Where the pleadings of defendants aver a material fact usually required to be set up by the plaintiff, the right to file a replication setting up, substantially the same facts necessarily follows, even after the trial has begun, if no surprise and · no objection by the other side. (Gould on Pleadings, chap. 3, sec. 192; 1 Chitty Plead., marg. p. 320, 11 American Ed.; 3 Chitty Plead., Gen. Prac., 923; Hill v. George, 5 Texas, 89; Grimes v. Hagood, 19 Texas, 249; Hudson v. Willis, 65 Texas, 702; District Court Rule No. 32.)

In order for Burns to protect himself by the five years limitation, he must show that his possession is continuous with that of the land company, his grantor, under whom he claims, and Burns can not pretermit his immediate grantor and tack the possession of a remote vendor to his own to complete the limitation.   There is no privity of estate or continuity of possession between Grempczynski and Burns, under article 3199, Revised Statutes.   (Whitehead v. Foley, 28 Texas, 288; Johnson v. Nash, 15 Texas, 422; Brownson v. Scanlan, 59 Texas, 222; Medlin v. Wilkins, 60 Texas, 409; Blanton v. Mayes, 58 Texas, 422; 61 Texas, 246.)

Where the defendant alleges and proves a fact, and plaintiff proves the same fact without objection—the coverture of Nancy J. Wells in this case—the statute of limitation would not run against her or her vendee during the period of her coverture. It was error to charge limitation in favor of Burns during the above period. (Gould on Plead., chap. 3, sec. 192; Hill v. George, 5 Texas, 89; Grimes v. Hagood, 19 Texas, 249; Hudson v. Willis, 65 Texas, 702.)

The judge has neither power nor right to collate certain material matters in his charge and recite · them as absolute facts · in assistance of a defendant to make out his plea of limitation, which material matters were indispensable to the defense, and should have been submitted to the jury on the evidence without leading the jury to infer the opinion of the judge on the

facts. It was a charge on the weight of the evidence. (Par-
ker v. Leman, 10 Texas, 116, 118; Kimbro v. Hamilton, 28 Texas,
566; Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 448;
26 Texas, 212; 22 Texas, 479; Burcham v. Gann, 1 Posey's Un-
reported Cases; Rev. Stats. art. 1317.)

Where a defense is made up of several distinct pleas, each
issuable, and if supported by proof, so as to require an instruc-
tion, the charge should be so phrased to require a finding sepa-
rately upon each of the several pleas or combinations of facts
as pleaded. (District Court Rule No. 60; Talbot v. Jones, 5
Miss., 217.)

The statute requires a jury to render a general or special
verdict as may be directed by the court; it does not allow a
general verdict on the whole case under a general charge, and
also special findings on special issues under the form of mere
questions which cover the same grounds of the general charge
where the answers to the questions would be equivalent to a
general verdict. (Rev. Stats., arts. 1328, 1333; Fonteneau v.
Perot, 5 Martin, La., 211; Berry v. Insurance Co., 1 Martin,
La., new series, 69.)

Revised Statutes, articles 1330 and 1331 having amplified the
system of special verdicts, necessarily brings with the system
the usual rules of practice applied to such proceedings; and if a
special verdict is to be found in any given case it is an invasion
of the rights of counsel for the judge, without notice or intima-
tion of their request, to construct special issues for a special
verdict especially in a case where the court had previously
given a lengthy charge on the main issues—covering the spe-
cial issues—formed by the pleadings of the parties. Issues for
a special verdict are never framed except at the suggestion or
request of counsel. (Mumford v. Wardell, 6 Wallace, 432;
Suydam v. Williamson, 20 How., 532; 1 Archibald, N. P., 53;
See article 1330, Rev. Stat.)

There is error in the judgment entry in this—it does not
show nor does it appear on which finding of the jury the judg-
ment of the court is based; if on the special findings it must be
on those alone, for it is error in the court to look to the general
verdict or other proceedings or the evidence to aid the judg-
ment on the special findings; nor can the latter aid the general
verdict of the judgment thereon. The judgment of the court
as rendered is wholly defective, insufficient and contrary to
law as above pointed out. (Claiborne v. Tanner, 18 Texas, 78;

Raines v. Calloway, 27 Texas, 685; Imply's Practice, 478; See
Jackson v. The State, 21 Texas, 675; Lawrence v. Beaubien, 2
Bailey, 623; Tunnell v. Watson, 2 Mumford, 283.)

Whether a deed under which a party prescribes is evidence,
in a jury trial, is matter for the court to decide; what it con-
tains, its subject matter, its date, its registry and date thereof, the
identity of the party therein with the party who pleads the bar
or limitation, are facts, and are matters for the jury, who are
he sole judges of those facts and their weight, in making up
heir verdict as to the time the hostile possession began or the
right of action accrued. (Rev. Stats., art. 1317; Medlin v. Wil-
kins, 60 Texas, 409; Dawson v. Sparks, 1 Posey's Unreported
Cases, 735, and cited cases; Barnes v. Williams, 11 Wheaton,
416.

Whilst tacking hostile possessions is allowable to complete
he five years limitation under the defense of peaceable ad-
verse possession, still such possessors must hold and claim suc-
cessively, one directly under the other, and not from and under
remote grantor of the same estate; and in order to complete
the bar in favor of Burns he must tack his possession to that of
he Real Estate and Loan Company, and that of the latter, if
ny, to the possession of Grempczynski. (Rev. Stats., art.
1199; Whitehead v. Foley, 28 Texas, 288; Johnson v. Nash, 15
Texas, 422; Brownson v. Scanlan, 59 Texas, 222; Medlin v.
Wilkins, 60 Texas, 409; Blanton v. Mays, 58 Texas, 422; Cook
v. Dennis, 61 Texas, 246.)

*Wheeler & Rhodes*, for appellees: The ruling of the court in
refusing to allow the plaintiff to file his replication after the
opening argument had been made for the plaintiff, and two
days after the opening argument for the defendant had closed,
was in consonance with reason and with authority. The ap-
plication to amend came too late. (Rev. Stats., art. 1192;
Hughes v. Lane, 25 Texas, 356; Ortiz v. De Benavides, 61 Texas,
60; Childress v. Grim, 57 Texas, 59; Burleson v. Hancock, 28
Texas, 81.)

On limitation they cited, Brownson v. Scanlan, 59 Texas, 225;
Medlin v. Wilkins, 60 Texas, 418; Cook v. Dennis, 61 Texas,
249.

That the charge was not on the weight of evidence, they
cited, Teal v. Terrell, 58 Texas, 259; Revised Statutes, article

1317; International & Great Northern Railroad Company v. Stewart, 57 Texas, 166; Wirtz v. Morrison, 17 Texas, 387.

On the submission of special issues, they cited, Mabry v. Harrison, 44 Texas, 286; Collins v. Cook, 40 Texas, 238; Knight v. S. P. Railroad Company, 41 Texas, 406; Frost v. Frost, 45 Texas, 324; Fitzgerald v. Evans & Huffman, 53 Texas, 463; Claiborne v. Tanner, 18 Texas, 78; Johnson v. Richardson, 52 Texas, 496; Akin v. Jefferson, 65 Texas, 137.

WALKER, ASSOCIATE JUSTICE. This is an action of trespass to try title, filed January 25, 1886, by Heflin against Burns and his tenant, Fidelli, for a fractional part of lot three, in block five hundred and six, in the city of Galveston. The defendant, Fidelli, pleaded not guilty. Burns made his warrantor, Grempczynski, a party, who called into the case his own warrantor, Mrs. Orlena A. Strickland. These parties pleaded separately. Mrs. Strickland alleged that the title under which plaintiff claimed had been obtained from her sister, Mrs. Nancy J. Wells, by fraud, setting out at great length the alleged details; the substance was that she had bought the property in 1865, and that her title was defective from an imperfect privy acknowledgment of said Nancy J. Wells, then the wife of Jackson Wells, and that when she made the deed to plaintiff she did so under the impression, false, and made by plaintiff and his agents to her, that she was curing the defect in her deed to her sister, Mrs. Strickland.

Burns, by second amended answer, pleaded statute of limitation of five years, and repeated the specific charges of fraud in the title of plaintiff made by Mrs. Strickland. Touching the coverture of Nancy J. Wells, this amended answer of Burns alleged that she was the wife of Jackson Wells in 1865, and that in 1885 she was a widow. The answer did not state when her coverture ceased. There was no replication of coverture by the plaintiff to the plea of limitation.

On the trial special issues were submitted to the jury with a general charge. A general verdict for the defendant was rendered. The answers to special issues supported the plea of five years limitation and of the alleged fraud, and that it had been participated in by the plaintiff.

The first complaint urged is that the court below refused to allow plaintiff to file his replication to the plea of limitation. The judgment entry in which the transaction is recorded

shows: "The plaintiff now (March 7, 1887) asks the court leave to file an amendment or replication, to set up coverture of Nancy J. Wells continuously to the eighteenth of June, 1884, to avoid defendant's plea of limitation, but the court at his stage of the cause refuses to allow plaintiff now to file said amendment, because all the evidence of all the parties closed on the fourth of March, and the plaintiff's counsel made and closed his opening speech to the court and jury on the afernoon of March 4, and on the morning of the fifth of March defendant's counsel commenced his argument, and closed about one o'clock p. m. of the fifth; and now, on the morning of the seventh of March, the plaintiff's counsel asks leave to file said amendment, which the court refuses," etc.

This refusal was authorized and perhaps required by the atutory rule (Rev. Stats., art. 1192): "The pleadings may be amended under leave of the court upon such terms as the court may prescribe, before the parties announce themselves ready or trial, and not thereafter."

Nor were the necessary facts constituting a replication to be found in the pleadings of the defendant, as the duration of the coverture, shown to have been in 1865, and to have ceased prior to 1885, is nowhere stated; nor are allegations to be found from which such fact may be inferred. No benefit can follow to parties from testimony to facts not alleged in the pleadings.

The second assignment of error attacks the charge of the court upon the plea of five years limitation. The record shows that Strickland and wife conveyed the lot to Grempczynski December 16, 1878. The attached certificate to the deed shows that it was duly recorded January 4, 1879. January 30, 1883, Grempczynski and wife conveyed it to the Galveston Real Estate and Loan Company, of Galveston, by deed which was duly filed for record January 31, and was recorded February 12, 1883. On January 30, 1883, the Galveston Real Estate and Loan Company by deed conveyed the lot to defendant Burns. This deed was filed for record February 2, and duly recorded February 12, 1883. The defendant Fidelli was a tenant under Grempczynski under an unexpired lease at the time of the sale and he has held possession continuously under it until after suit was brought. It also appeared that the Loan Company bought the lot from Burns, and that Burns took possession from Grempczynski. The deeds from Grempczynski to the Loan Company and from it to Burns were made the same day, Fidelli remain-

ing in possession under the several owners.    The testimony
further showed adverse and continuous possession from De-
cember 16, 1878, to the institution of the suit.    Payment of
taxes was proved.    Upon this condition of the testimony the
court charged:  "If the jury believe from the evidence the de-
fendant Burns and the Galveston Real Estate and Loan Com-
pany and Grempczynski, under whom Burns claims, have been
in actual peaceable and adverse possession of the property in
controversy, in person or by his or their tenants, using and
enjoying the same, paying all the taxes thereon and claiming
under deed or deeds duly registered, for five consecutive years
next before the filing of plaintiff's petition herein, then plain-
tiff's claim would be barred," etc.    The error complained of
in this charge is "that no evidence was offered on the trial show-
ing or tending to show that the Galveston Real Estate and
Loan Company, under which Burns claimed, had been in pos-
session of the property, either in person or by tenant," etc.

In this defense, article 3193, Revised Statutes, the continuity
of possession and privity in the title are both requisite, with
the other conditions of hostile claim.    The rule is concisely
given in Brownson v. Scanlan, 59 Texas, 228:  "Where posses-
sion is claimed under different titles, and the requisite term of
occupancy has elapsed under neither, but the possession under
one title must be tacked to that under another in order to make
out the five years, a privity must be shown between the various
titles under which possession is claimed, or its continuity will
be broken, and the statute will not avail the defendant."    It is
shown that the loan company bought for Burns, and that the
deeds to and from the loan company were of same date; that
Burns negotiated the purchase from Grempczynski, and re-
ceived possession from him; and the continuous possession of
Fidelli under a lease was a tenancy under the several holders
of the title during his term.    These facts show both the requi-
sites of privity of title and continuity of possession.    The charge
of the court was therefore proper under the facts.

Complaint is made that the charge of the court called atten-
tion to certain documentary evidence about which there was
no conflict.    The clause objected to is as follows:  "The limi-
tation only begins to run from the time that Grempczynski
occupied the premises under his recorded deed, if the fact be
that Grempczynski did occupy the premises either in person or
by his tenants, under his deed from Strickland and wife.    The

deed from Strickland and wife to Grempczynski was duly registered on the fourth of January, 1879, and the deed from Grempczynski to the Galveston Real Estate and Loan Company was filed for record on thirty-first day of January, 1883, and was duly recorded on the twelfth February, 1883; and the deed from the Galveston Real Estate and Loan Company to Burns was filed for record on the second of February, 1883, and duly recorded February 14, 1883." The charge also stated the date of the filing of the suit, January 9, 1886. Upon this act of the judge below it may be replied, citing from Teal v. Terry, 58 Texas, 201, touching on like charge: "The propriety of it has been too frequently sustained by this court to require further comment." (Cook v. Dennis, 61 Texas, 249.)

The fifth and sixth assignments of error related to the manner of submitting the special defenses to the jury. Counsel for plaintiff requested, before the court prepared its charges, to so frame them as to enable the jury to find specifically upon each issue—upon limitation and fraud. This was, in effect, complied with in the special issues which were submitted. Again, the charge was upon the entire cause and required a general verdict while it also submitted the special issues. Appellant insists that this was error and that it devolved upon the court to require one or the other and not both forms of the verdict or verdicts. While this practice is irregular it is not cause of reversal unless injury probably followed. The special issues complained of are:

Question No. 6—"Has Burns and those under whom he claims by deed from the Galveston Real Estate and Loan Company and from Grempczynski had peaceable and adverse possession of the premises, using or enjoying the same and paying all taxes thereon, if any, and claiming under a deed or deeds duly registered for five years continuously next before the ninth of January, 1886?" Answer—"They have."

Question No. 14—"Was Mrs. Wells, when she made the deed to Heflin under the belief that the purpose and object of the deed was to cure the defect in her old deed of 1865?" Answer, "She was."

Question No. 15—"Was such belief of Mrs. Wells as to the object of her deed to Heflin caused by the acts or representations of Heflin's agents?" Answer—"It was."

There was a general verdict also for the defendants under the general charge on limitation and alleged fraud.

Whether the general verdict will furnish any aid to the court in supplying any fact necessary to the judgment need not be discussed in this case. The questions and answers above cited furnish grounds for the judgment, either of which is sufficient. The general verdict not being needed to support the judgment, its having been rendered can do no injury even if it was irregular practice.

There is no well defined practice as to the mode of forming and submitting special issues. It is not material whether prepared by counsel and sanctioned by the court, or whether formulated by the judge at the request of counsel, or from his own motion, determined by the wants of the particular case and for the furtherance of justice. Our courts uniformly hold that when a special verdict is rendered, no other facts can be looked to in aid of the judgment. The Revised Statutes, articles 1329–1333, give the general outlines of the practice and a substantial compliance with these rules will be sufficient. (Sayles's Prac., arts. 95, 96, and cases cited; also 21 Texas, 675; 22 Texas, 325; 27 Texas, 685; 40 Texas, 238; 41 Texas, 406; 45 Texas, 71, 324.)

It is not necessary that the judgment should declare upon what part of the verdict it was based. The facts of limitation and of fraud, as alleged in the pleadings and with reference to which the verdict must be taken, are ascertained by the verdict. The judgment for defendants would follow upon either or both. There was no obscurity in the verdict; taken with reference to the pleadings; it denoted distinct and fully defined defenses to the action.

It was not necessary to the judgment that the date at which limitation began to run be ascertained after it had been found that the statute had been running for five consecutive years next before the filing of the suit. So of the findings upon the charge of fraud. Referring to the pleadings, the detailed transaction found by the jury is fully known.

The statutes of limitation have been construed and interpreted by our courts as curative, and as conferring rights in property which are as much entitled to protection as any other. There has been no tendency to obstruct the beneficial work of the statute by any technical strictness; nothing is exacted but a compliance with the various requisites prescribed, to be shown as other facts under investigation.

It is not necessary to the decision of this case to pass upon the sufficiency of the testimony upon the issue of fraud, as it is held that the defense of limitation of five years was satisfactorily established. The testimony of Mrs. Wells, her son and of Leigh, the agent of plaintiff, is sufficient to show under what impression she signed the deed to plaintiff, and of his connection with it, but we do not pass upon this testimony and the evidence introduced by the plaintiff contradicting it. The motion for new trial only called in review the action of the court, the charge, the practice and the verdict.

The record shows no material error or any to the injury of the plaintiff.

The judgment is affirmed.

*Affirmed.*