WOFFORD v. LANE et al.    (No. 5322.)

(Court of Civil Appeals of Texas. Austin. March 18, 1914. On Motion for Rehearing, April· 29, 1914.)

1. EVIDENCE (§ 273*)—DECLARATIONS—ADMISSIBILITY.

A statement of a husband prior to the incurring of an indebtedness to a third person that personal property belonged to his wife was admissible in a contest between the third person and the wife to determine the ownership of the property.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273.*]

2. HUSBAND AND WIFE (§ 49½*) — SEPARATE PROPERTY—GIFTS.

Where a husband and wife treated animals as her separate property under a mistaken view of the law as to the increase of the property, there was no gift to the wife, but if the husband relinquished his claim to the increase because it was just to the wife that she should have the increase of her separate property, there was a gift by him to her of the increase.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 249–255; Dec. Dig. § 49½.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§ 1070*)—HARMLESS ERROR—IMMATERIAL ISSUES. ·

Where on a contest between a creditor and wife of the debtor, claiming property levied on, the uncontroverted evidence showed a gift by the debtor to the wife prior to the debt, the question as to when the debtor made the gift was immaterial, within Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, requiring the court to submit controverted questions of fact only, and the submission of the question and an insufficient answer thereto were immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

Appeal from Brown County Court; Frank H. Sweet, Judge.

Action by Miles ·Wofford against R. B. Lane, in which Minnie J. Lane appeared and filed a claimant's bond. From an adverse judgment, plaintiff appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, and Mark McGee, of Brownwood, for appellant. I. J. Rice, of Brownwood, for appellees.

JENKINS, J. Appellant brought suit against R. B. Lane on a debt, and levied upon two mules and one mare. Appellee Minnie J. Lane filed her oath and claimant's bond, alleging that said animals were her separate property. The trial of the right of property was submitted upon special issues. Appellee and her husband each testified that the animals in question were the offspring of mares that were the separate property of appellee,

and this·evidence was not controverted. R. B. Lane and appellee each testified that they had always treated and considered the animals in controversy as the separate property of appellee and also that on several occasions parties had sought to purchase the animals in controversy, and that R. B. Lane had stated to such parties that the animals belonged to his wife, and referred them to her, and that she had declined to sell them. This testimony was corroborated by parties who had sought to purchase these animals. Both Lane and his wife testified that they had considered and treated said animals as the separate property of Minnie J. Lane, for the reason that they were the offspring of mares belonging to Minnie J. Lane.

Appellant assigns error upon the refusal of the court to grant a new trial "because the answer of the jury to question No. 2 is not responsive, and not sufficient upon which to base a judgment in this case, in that it is indefinite, incomplete, and does not state any definite time, but making it necessary for the court to determine from the evidence whether the gift was made prior to or subsequent to the levy of attachment herein by plaintiff upon the animals in controversy, and to the creation of plaintiff's debt." Said question is as follows:

"If in answer to question No. 1 you have stated that defendant R. B. Lane gave said mule to his wife Minnie J. Lane, then state when he did so." Answer: "When he refused · to sell or dispose of said property."

The same question was submitted, and answer made as to each of the other animals. We sustain this assignment. The court cannot look to the evidence in the case to supply omissions in special findings. Mussina v. Shepherd, 44 Tex. 627; Ry. Co. v. Botts, 22 Tex. Civ. App. 609, 55 S. W. 515; Heflin v. Burns, 70 Tex. 355, 8 S. W. 48; Riske v. Rotan Grocery Co., 37 Tex. Civ. App. 494, 84 S. W. 244.

[1] Appellant assigns error upon the admission of the testimony that R. B. Lane ·stated to parties who desired to purchase the animals that they belonged to his wife. We overrule this assignment. This statement, having been made prior to Lane's indebtedness to appellant, was a circumstance that might be looked to to determine whether or not he had given the property to his wife. As we cannot know what the testimony upon another trial will be, we refrain from stating any opinion as to whether the testimony was sufficient to sustain the gift as to the two mules.

[2] If the facts are that Lane and his wife treated the animals as the separate property of the wife, upon a mistaken view of the law as to the increase of separate property, this would not constitute a gift; such fact would not have estopped the husband from claiming the property as community property. But if the husband in fact relinquished his claim

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to the property because he thought it was just to the wife that she should have the increase of her separate property, such fact would sustain the claim of gift. The evidence in this record is sufficient to sustain a gift as to the mare, but leaves it doubtful as to the mules.

For the reason that the finding of the jury as above set out is insufficient as a basis for the judgment, the same is reversed, and the cause remanded for another trial.

Reversed and remanded.

On Motion for Rehearing.

[3] Appellees in their motion for rehearing have called our attention to the act of 1913, page 114, wherein article 1971 of the Revised Statutes is so amended as to read as follows: " * * * He [the court] shall * * * submit all controverted questions of fact only to the decision of the jury." In the instant case, the court submitted to the jury the issue as to when R. B. Lane gave the property to his wife Minnie B. Lane, and the effect of our decision is that the jury did not answer this question. If R. B. Lane ever gave the property to Minnie B. Lane, the court should not have propounded the question as to when such gift was made, as the uncontroverted evidence showed that such gift was made, if at all, prior to the time R. B. Lane became indebted to appellant. As such question should not have been propounded, it is immaterial that it was not answered.

The case was submitted on special issues, and the jury found that R. B. Lane gave the property to his wife. The evidence is not clear as to the two mules, but it is sufficient to sustain the verdict.

For the reasons stated, appellees' motion for a rehearing is granted, and the judgment of the trial court is affirmed.

Motion granted. Judgment affirmed.