## SHAW, Banking Com'r, v. BALL.
### (No. 1269—5307.)

Commission of Appeals of Texas, Section A.
Jan. 22, 1930.

Edward J. Hamner and P. Edward Ponder, both of Sweetwater, for plaintiff in error.
J. W. Moffett and W. E. Lessing, both of Abilene, for defendant in error.

CRITZ, J. This litigation was begun in the district court of Nolan county by the J. M. Radford Grocery Company. Judgments of the trial court and Court of Civil Appeals were both against the grocery company, and it filed no motion for rehearing in the Court of Civil Appeals, and has prosecuted no writ of error here. The grocery company and the issues involved in its suit have passed out of the case so far as this court is concerned.

It is shown from the record that in the original suit the Radford Grocery Company sued the defendant in error, J. T. Ball, the plaintiff in error, James Shaw, banking commissioner of Texas, and one J. E. Norton, asserting an abstracted judgment lien against certain lands in Nolan county, Tex. The defendant J. E. Norton answered and disclaimed any interest in the land. The banking commissioner answered and also asserted an abstracted judgment lien against the land.

The defendant Ball answered and asserted title to the land, and, in substance, alleged that he was the owner of certain vendor's lien notes owed by J. E. Norton and secured by a vendor's lien on the land in question; that

said vendor's lien was prior and superior to the judgment lien of the banking commissioner; that subsequent to the execution of the vendor's lien notes J. E. Norton executed and delivered to him a deed of trust for the purpose of securing said notes; that the trustee in the deed of trust at his request sold said land under the deed of trust, and same was bought in at the trustee's sale by said Ball; that on February 5, 1924, trustee executed and delivered to him a trustee's deed to said land; that on the same day J. E. Norton, the grantor in the deed of trust, also executed and delivered to him a deed of conveyance to said land. Ball also pleaded his payment of taxes and the payment of vendor's lien notes, and asked to be subrogated therefor under certain conditions not necessary to detail here. The defendant in error, Ball, also pleaded the one-year statute of limitation, valuable improvements, and the three-year statute of limitation, and we here note that Ball specially pleaded title under both the trustee's deed and the deed from J. E. Norton and wife.

The undisputed facts show that Ball owed certain vendor's lien notes on the land in question prior to November 1, 1923; that at that time J. E. Norton was the owner of the land; that Ball secured from Norton a deed of trust to secure said notes, which was dated November 1, 1923, but such deed of trust was not in fact executed until January 14, 1924; that the trustee in the deed of trust advertised the land for sale and sold same on February 5, 1924, and Ball bought it in and received a trustee's deed on said last-named date; that on the same date, February 5, 1924, J. E. Norton and wife executed and delivered to Ball a deed of conveyance of the land in a separate instrument from the trustee's deed; that on November 30, 1923, the banking commissioner obtained a valid abstracted judgment lien against the land as the property of Norton; and the notices of sale under the deed were not posted for 21 days as required by law, but were in fact posted for only 19 days.

Trial in the district court resulted in a judgment that the J. M. Radford Grocery Company take nothing, that J. E. Norton take nothing, by reason of his disclaimer, that J. T. Ball recover from J. M. Radford Grocery Company and J. E. Norton and defendant James Shaw, banking commissioner, the land in suit, describing it, subject, however, to a judgment lien decreed in favor of the banking commissioner, and foreclosing such judgment lien. The judgment decrees costs and disposes of all issues of the case, but enough has been stated for the purpose of this opinion.

The Radford Grocery Company and J. T. Ball both appealed from the above judgment to the Court of Civil Appeals for the Eleventh District at Eastland, which court in all things affirmed the judgment of the district court as to the Radford Grocery Company, but reversed and rendered that part of the judgment of the trial court in so far as recovery was allowed James Shaw, banking commissioner, and denied Ball under his plea of limitation. Radford Grocery Company, as shown above, prosecuted the litigation no further, but the banking commissioner has brought the case here by writ of error. We refer to the opinion of the Court of Civil Appeals for further statement of the case. 9 S.W.(2d) 419.

We here call particular attention to the following undisputed facts: That on and prior to November 1, 1923, Ball held valid and subsisting vendor's lien notes against the land in question; that J. E. Norton and wife executed and delivered to Ball a deed of trust to secure said notes, said deed of trust being dated November 1, 1923, but was not in fact executed or delivered until January 14, 1924; and that on November 30, 1923, while the vendor's lien notes were valid liens and in force, the banking commissioner fixed an abstracted judgment lien against the land as the property of J. E. Norton. In other words, the judgment lien was obtained subsequent to the vendor's lien, but prior to the execution and delivery of the deed of trust.

The only issue necessary to be decided by the Supreme Court is that of limitation; that is, whether Ball's title to the land is good under the three-year statute of limitation as against the judgment lien claim of the banking commissioner.

The Court of Civil Appeals holds: (a) That the sale under the deed of trust, and the deed from the trustee is sufficient to establish title in Ball under the three-year statute of limitation; and (b) that, should they be mistaken in this holding, the deed from J. E. Norton and wife, executed and delivered to Ball on the same day as the trustee's deed, will, in connection with the other links in Ball's title, support his title to the land under the same statute, independent of the deed of trust and trustee's deed, even should it be held that the trustee's deed was absolutely void. We agree with the Court of Civil Appeals in both holdings:

■ The Court of Civil Appeals holds: "A purchaser of land from a judgment debtor, who enters into possession thereof under title, or color of title, from and under the state of Texas, and maintains such possession peaceably, continuously, and adversely for more than three years before the commencement of a suit to foreclose the judgment lien, thereby acquires an adverse title, separate, distinct, and independent from the title formerly held by the judgment debtor, and with which such purchaser, under his newly acquired title, is no longer in privity, and thereby frees and discharges the land of the lien of a judgment creditor created by the filing and recording of an abstract of judgment against the judgment debtor prior to the sale

of the land by the judgment debtor. White et al. v. Pingenot, 49 Tex. Civ. App. 641, 90 S. W. 672 (error refused)."

We agree with the Court of Civil Appeals in this holding also. The authority cited by them in support thereof is certainly in point, and, as writ of error was denied in that case, the Supreme Court must have approved the holding, as the writ could not have properly been denied in any other event. In fact the plaintiff in error here does not question the above principal of law.

With reference to Ball's claim of title under the three-year statute of limitation by virtue of the trustee's deed, the Court of Civil Appeals says:

"The facts in this case disclose that the abstracts of judgment against Norton were filed prior to the sale to Ball by the trustee, and that Ball's possession, after the sale and before the filing of this suit, was peaceable, continuous, and adverse for more than three years. The only real attack made by appellee upon Ball's limitation title is that the trustee's deed, dated February 5, 1924, from the trustee, Carter, to Ball, was void because notices of sale were not posted in the manner and for the length of time required by law. The trial court found that the notices of sale were insufficiently posted and published, and upon this finding decreed that the sale under the deed of trust was void; that the deed from Norton and wife to Ball, of even date with the trustee's deed, being a part of the same transaction, could not form a link in the chain of title; and judgment was accordingly rendered against Ball's plea of limitation and for a foreclosure of appellee's judgment lien.

"We cannot agree that the sale by the trustee under the deed of trust to appellant Ball was void. The notices required by law in the sale of real estate under a deed of trust are for the protection of the mortgagor. As to him the remedy is a harsh one, and as to him a sale without the required notices would be invalid. But no such interest is possessed by the public, or by a subsequent lienholder, in such sale, as to render it void, when the mortgagor himself is satisfied. Walker v. Taylor (Tex. Civ. App.) 142 S. W. 31 (error denied)."

The plaintiff in error, banking commissioner, contends that the above holding is error because, when the defendant in error took the deed of trust lien for the express purpose of foreclosing out of court, and did foreclose out of court, he waived the right to claim under the vendor's lien, and it was thereby forever lost, and he was estopped by his election, and abandoned his right to exercise the other remedy or of relying on his vendor's lien, and plaintiff in error became a first lien holder and not a subsequent lien holder, and could avail himself of the invalidity of the foreclosure under the deed of trust or any title to be acquired thereunder.

The contentions of plaintiff in error with reference to estoppel, election of remedies, and waiver, are untenable. The issue in this case is one of limitation under a trustee's deed, and under color of title, and the authorities cited by plaintiff in error in regard to election of remedies, estoppel, and waiver have no application.

Furthermore, we hold the contention of plaintiff in error, to the effect that the taking of the deed of trust and foreclosure thereunder rendered him a subsequent and not a prior lien holder, equally untenable. The vendor's lien notes held by Ball were certainly prior liens to the judgment lien held by plaintiff in error, and the deed of trust contains the following express provision: "It is specially understood and agreed that the said J. T. Ball, the beneficiary herein, is subrogated to all of the rights, privileges and equities of the vendor's liens to secure the notes hereinafter described, which were given as part purchase money for the lands hereby conveyed, and that said vendor's liens are to all intents and purposes continued in full force and effect to secure the payment of said notes, in full, principal, interest and attorney's fees."

The above provision in the deed of trust expressly preserved and carried the vendor's lien into the deed of trust. In fact no new note was given, but the deed of trust was given to secure the notes as they already existed. Under such a record we hold that Ball did not waive his vendor's lien by taking the deed of trust and the sale thereunder, but, on the other hand, expressly preserved same, and plaintiff in error did not become a prior lien holder.

We hold further that the Court of Civil Appeals is correct in holding that the deed from Norton and wife to Ball was a valid conveyance of the land in question, and will, in connection with the other links in his chain of title, support the plea of limitation independent of the trustee's deed. Ball pleads title under both deeds, and, as shown by the opinion of the Court of Civil Appeals, this deed is not attacked for fraud, and Norton disclaims any interest in the land. This deed is as follows:

"Know all men by these presents, that We, J. E. Norton and wife Mary Norton, of the County of Nolan, State of Texas, for and in consideration of the sum of One Hundred ($100.00) dollars cash to us in hand paid by J. T. Ball, of the County of Taylor, state of Texas, the receipt whereof is hereby acknowledged, do by these presents bargain, sell release and forever quitclaim unto the said J. T. Ball, his heirs and assigns, all our right, title and interest in and to that certain tract of parcel of land lying and being situated in the county of Nolan, State of Texas, described as follows, to-wit:

"Being all of Sections Nos. Eight (8), Nine (9), Ten (10) and Eleven (11) in Block Z, of the Texas & Pacific Railway Company, surveys in Nolan County, Texas.

"To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging, unto the said J. T. Ball, his heirs and assigns, forever, so that neither we, the said J. E. Norton and Mary Norton, nor our heirs, nor any person or persons claiming under us or either of us shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof.

"Witness our hands at Sweetwater, Texas, this 5th day of February, A. D. 1924.

"J. E. Norton.
"Mary Norton."

The above deed is duly acknowledged by Norton and wife. It is a separate and distinct instrument from the trustee's deed. It uses the word "quitclaim," but it is more than a quitclaim. Benton Land Company v. Jopling (Tex. Com. App.) 300 S. W. 28. Even if no more than a quitclaim deed, it is sufficient upon which to base adverse possession under the statute of limitation. See authorities cited by the Court of Civil Appeals, among which we especially call attention to Parker v. Newberry, 83 Tex. 428, 18 S. W. 815; McDonough v. Jefferson County, 79 Tex. 538, 15 S. W. 490; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; and Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360. Furthermore, we can conceive of no reason why the deed from Norton and wife should be held to be ineffective to support the limitation title just because it was given on the same day as the trustee's deed. The issue here is one of limitation under deed and color of title. If the trustee's deed is not void, it alone supports the title. If it is void, it is no deed at all, and the Norton deed supports the title.

Finally we hold that the law as well as the equities of this case are with the defendant in error, Ball. The Court of Civil Appeals has correctly decided it, and we recommend that the judgment of that court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.