## Frank Douglas v. First National Bank of El Dorado.

No. 5236.   Decided June 24, 1931.
(40 S. W., 2d Series, 801.)

*James Cornett, W. A. Anderson* and *R. G. Hughes,* for appellant.

*J. A. Thomas,* for appellee.

Mr. Justice GREENWOOD delivered the opinion of the court.

The Court of Civil Appeals makes the following very comprehensive statement of this suit, which is adopted by this court:

"On May 4, 1926, appellant (Bank) sued Ella D. Douglas, individually and as administratrix of the estate of her deceased husband, W. H. Douglas, and also his heirs and certain grantees, seeking under article 3314, Revised Statutes, 1925, to subject and to establish and foreclose a statutory lien on certain lands in payment of an indebtedness owing by W. H. Douglas to appellant. The petition alleged in substance that on July 20, 1922, W. H. Douglas executed and delivered to it his note for $4,351, bearing 10 per cent interest, given for and in renewal of an indebtedness of more than three years' standing, and that the note was due and unpaid. It was further alleged that W. H. Douglas died intestate January 21, 1925, leaving surviving his widow, Ella D. Douglas, who was duly appointed and qualified as administratrix of his estate, and one child, Frank Douglas; that Nora Douglas was the wife of the said Frank Douglas, and of this marriage three children, Allen, Bill, and

Ruby, were born, the last two being minors; that on November 8, 1920, and subsequent to the date he became indebted to appellant, W. H. Douglas and his wife, Ella D. Douglas, being then insolvent, without consideration and by a deed of gift, conveyed certain lands to Frank and Nora Douglas for life, with remainder to their three above-named children in fee, the deed being filed for record May 5, 1921; that by a deed of gift, filed for record July 10, 1921, W. H. Douglas and his wife, Ella D. Douglas, being still insolvent, conveyed to their three above-named grandchildren other lands; that the deeds of gift were executed for the purpose of hindering, delaying, and defrauding the grantors' creditors, including appellant, and as to appellant were void; that for the purposes of this suit the lands should be considered as belonging to the community estate of W. H. Douglas, deceased, and his surviving wife, Ella D. Douglas; and that Frank Douglas should be considered the heir of the community interest of his deceased father. By an amended original petition, filed March 11, 1927, appellant alleged the same facts as were alleged in its original petition, but in addition thereto alleged that the said administratrix refused to allow the note as a claim or indebtedness against the estate of W. H. Douglas, deceased, whereupon appellant sued her as administratrix in a separate proceeding from this, and on November 16, 1926, obtained a judgment establishing as against the said estate its claim or indebtedness as evidenced by the note. The deeds of gift and a certified copy of the judgment obtained against the administratrix November 16, 1926, were attached to and made a part of appellant's petition by reference. Appellant prayed for judgment establishing its debt against the estate of W. H. Douglas, deceased; also to subject and to establish and foreclose a statutory lien under article 3314, Revised Statutes, 1925, on the lands described in the gift deeds in satisfaction and payment of its indebtedness in accordance with law; and also for judgment directing sale of the lands in suit, under execution issued on its judgment of November 16, 1926, with writ of possession to purchaser thereunder. The Douglases above named were made parties defendant, and answered jointly; the minors being represented by an attorney ad litem. Their following general exceptions to appellant's petition were sustained by the trial court, and the cause dismissed upon appellant's refusal to amend:

" '(1) To that portion of said petition which seeks to establish a debt owed by W. H. Douglas, deceased, for the reason that said petition shows that said debt has been established by a court of competent jurisdiction, and the only court of competent jurisdiction, and is therefore res adjudicata.

" '(2) To that portion of plaintiff's petition seeking to establish a lien against said property defends say that said petition shows on its face that, if the plaintiff has ever had any cause of action, same has long

since been barred by the three, four, and five year statutes of limitations, all of which are here specially pleaded.' "

On appeal, the Court of Civil Appeals correctly held that the district court did not err in sustaining the first exception. The Court of Civil Appeals reversed the judgment of the district court for error in sustaining the second exception, and remanded the cause. 7 S. W. (2d) 148.

There can be no doubt of the right of a creditor of an estate to enforce a specific lien on land which a deceased debtor has conveyed by a deed void for fraud as to such creditor, as against the fraudulent vendee and the administrator and heirs to the debtor's estate. While title passes to the vendee in the fraudulent conveyance, as against the debtor and his estate, and such vendee would receive any excess in the value of the property conveyed over the debts chargeable against same, nevertheless, as to the defrauded creditor, the conveyance is void, and is denied any effect as prejudicing the lien of the creditor. The creditor's bill ought to show the debts for which the property is liable to be sold, and ought to bring before the court all interested parties. Arbuckle Bros. Coffee Co. v. Werner & Cohen, 77 Texas, 44, 13 S. W., 963; Rutherford v. Carr, 99 Texas, 101, 87 S. W., 815; Turner, Admr., v. Wallace, 99 Texas, 543, 92 S. W., 31; Blinn v. McDonald, 92 Texas, 605, 46 S. W., 787, 48 S. W., 571, 50 S. W., 931.

Substantially the same questions of law as are presented on this writ of error, with regard to limitations, were determined in an opinion of this court filed today in Cause No. 5482, styled Max Eckert v. Lorenz Wendel et al., 120 Texas, 618, 40 S. W. (2d) 796.

Applying the law as announced in that opinion, since it did not appear from the averments of defendant in error's petition that its suit was barred by any statute of limitations, which would defeat the enforcement of its creditor's lien, there was error in the action of the trial court in sustaining the second exception and in dismissing the suit, and for that reason the Court of Civil Appeals rightly reversed the judgment of the trial court and remanded the cause for a new trial.

It is therefore ordered that the judgment of the trial court be reversed and that of the Court of Civil Appeals be affirmed, and this cause is remanded to the district court for further proceedings in accordance with this opinion.