## J. R. WATKINS CO. v. GIBBS et al.

### No. 7877.

Court of Civil Appeals of Texas. Austin.

Nov. 1, 1933.

Rehearing Denied Dec. 13, 1933.

Crane & Crane, of Dallas, for appellant.

J. W. Thomas, of Belton, for appellees.

BLAIR, Justice.

Appellee Mrs. L. E. Gibbs, joined by her husband, R. E. P. Gibbs, sued appellant, the

J. R. Watkins Company, in trespass to try title to recover 435 acres of land in Bell county, known as the Moses Martin survey. Appellee alleged that the land was her separate property through a deed from her husband, R. E. P. Gibbs, to herself, dated January 30, 1928, through a deed from Wm. Hanscom to R. E. P. Gibbs, dated March 22, 1901, and through a regular chain of mesne conveyances to Hanscom from the sovereignty of the soil. Appellee further alleged that appellant was asserting some character of claim to the land under a sheriff's deed, dated September 1, 1931, executed by the sheriff of Bell county, pursuant to a sale under execution on a judgment theretofore rendered against R. E. P. Gibbs in favor of appellant. Appellee prayed for a recovery of the land, and that the cloud cast upon her title by reason of the sheriff's deed to appellant be removed.

Appellant answered on March 19, 1932, by a plea of not guilty, and by way of special answer and cross-action alleged that it was the owner in fee simple of the land by virtue of the sheriff's deed dated September 1, 1931, and further alleged that the purported conveyance from R. E. P. Gibbs to L. E. Gibbs of January 30, 1928, was voluntary and without consideration, and was executed by R. E. P. Gibbs for the purpose of defrauding his creditors and placing said land beyond their reach, and particularly of appellant, the said R. E. P. Gibbs being insolvent at the time and being indebted to appellant; and that said deed was therefore void as to appellant; and that appellee Mrs. L. E. Gibbs had notice and knowledge of all these facts at the time said purported deed was executed. Appellant prayed that appellee take nothing by her suit, that the purported deed from R. E. P. Gibbs to appellee be declared null and void, and that the cloud cast upon appellant's title by reason of said deed be removed, and that appellant be quieted in its possession of the land. In the alternative appellant prayed that, if the deed from R. E. P. Gibbs to Mrs. L. E. Gibbs was valid and conveyed any title as against appellant, then appellee's recovery, if any, be limited to an undivided one-half interest in the premises, and that appellant recover judgment against appellee for title and possession of an undivided one-half interest in the land. In the second alternative, appellant prayed that, if the sheriff's deed to appellant be held to be ineffective to convey title to appellant as against appellees, or either of them, then that appellant's judgment lien as pleaded in its cross-action upon the interest of L. E. Gibbs and R. E. P. Gibbs, and each of them, to the land be foreclosed, and that the same be sold in satisfaction of the judgment.

By supplemental petition appellees answered that the land in controversy from March 22, 1901, to January 30, 1928, was the community property of appellees, R. E. P. Gibbs and Mrs. L. E. Gibbs, and that on the date last mentioned by a deed from R. E. P. Gibbs said land became and was thereafter the separate property of Mrs. Gibbs, and that therefore no title passed to appellant by virtue of the sheriff's deed, dated September 1, 1931; that the consideration for the deed from R. E. P. Gibbs to L. E. Gibbs was the sum of $285, which the former borrowed from the latter's separate estate many years before, and that the deed was executed for the purpose of repaying the same; that, at the date of said conveyance from R. E. P. Gibbs to L. E. Gibbs, the said R. E. P. Gibbs was solvent; that at least 74 of the 435 acres in controversy were occupied by and constituted the homestead of appellees at the time of the sheriff's sale, and that, as to same, the sale was void; that appellee Mrs. L. E. Gibbs was the owner of the title to the land under the three years' statute of limitation, in that the deed conveying the land to her was dated January 30, 1928, and that appellant's claim to the land as asserted by its cross-action filed March 19, 1932, was barred by the three years' statute of limitation; and that appellant's attack upon the deed of January 30, 1928, duly recorded on that date, from R. E. P. Gibbs to Mrs. L. E. Gibbs, for fraud, was barred by the four years' statute of limitation.

A trial to the court without a jury resulted in judgment in favor of Mrs. L. E. Gibbs for title and possession of the land in controversy; hence this appeal.

The trial court found and decreed that 80 of the 435 acres of land in controversy were the homestead of appellees at the time it was levied upon under the execution, and that the attempted sale of the 80 acres was therefore void. This portion of the judgment is supported by the undisputed evidence and is affirmed.

The trial court also found and decreed that, since the deed from R. E. P. Gibbs to Mrs. L. E. Gibbs was dated January 30, 1928, and duly recorded on that date, and that since appellant's action to annul said conveyance because of fraud was not filed until March 19, 1932, the action to annul the fraudulent conveyance was barred by the four years' statutes of limitation. Appellant made no attempt to prove that it did not know of the recorded conveyance; and, since its registration is constructive notice of the conveyance, the trial court's judgment is sustained. Eckert v. Wendel, 120 Tex. 618, 40 S.W.(2d) 796, 76 A. L. R. 855.

With regard to the claim of title of appellant under the sheriff's deed and its suit to enforce its judgment lien against appellee Mrs. Gibbs as grantee in the conveyance, alleged to be fraudulent and void as to appellant as a judgment creditor of grantor, R. E. P. Gibbs, such suits are not barred until Mrs. Gibbs, as the alleged fraudulent grantee, has

acquired title to the lands in controversy under some statute of limitation which would bar an action for the recovery of the land. Eckert v. Wendel, supra. We therefore pass to a consideration of the portion of the judgment decreeing title in appellee Mrs. Gibbs under her plea of title to the land in controversy by virtue of the three years' statute of limitation. Articles 5507 and 5508, R. S. 1925.

■ The court held that the cross-action of appellant for title and possession of the land and its suit seeking to enforce its existing judgment lien against the same were barred by the three years' statute of limitation. Appellant attacks this holding, contending that, since the evidence showed the deed from R. E. P. Gibbs to his wife to be void as to appellant, a prior creditor of Gibbs, it did not constitute "title or color of title" because wanting in that "intrinsic fairness and honesty" required by the limitation statutes.

The deed from Gibbs to his wife was in all things regular ·on its face. It recited a cash consideration of $1,500 and love and affection; it was executed in the manner prescribed by law; and there was nothing in the face of the deed which made it an instrument of title wanting in "intrinsic fairness and honesty." The deed was valid as between the parties; and the possession of appellee Mrs. Gibbs and her husband of the land under the deed for more than three years was undisputed.

■■ It is settled law that, although a deed by a husband to his wife is executed in fraud of his creditors, if regular on its face and shows no defect which would make it a muniment of title wanting in "intrinsic fairness and honesty," it is valid as between the parties and constitutes "title or color of title" within the meaning of the three years' statute of limitation, and that the possession of the wife through her husband of the land is adverse within the meaning of the statutes. De Garca v. Galvan, 55 Tex. 55; Grigsby v. May, 84 Tex. 251, 19 S. W. 343; Evans v. Guipel (Tex. Civ. App.) 35 S. W. 940; Eckert v. Wendel, 120 Tex. 618, 40 ·S.W.(2d) 796, 76 A. L. R. 855; Douglas v. First Natl. Bank, 120 Tex. 631, 40 S.W.(2d) 801. In the last-cited case it is held that a deed of gift, executed in fraud of creditors, constituted "title or color of title" within the meaning of the three years' statute of limitation. The deed from Gibbs to his wife recited a consideration of $1,500. The evidence showed that grantor intended that the consideration for the deed was the payment of $285 borrowed from grantee's separate estate many years before the deed was executed. This was a sufficient consideration for the deed, if it needed a consideration. It also recited love and affection as consideration, which indicated a gift of the land by the husband to the wife. Our statutes permit such transfers or conveyances from one spouse to the other.

23 Tex. Jur. 70, § 49. And, if the deed should be regarded as not having a consideration, then the implication of gift arises to sustain its validity as between the parties. 23 Tex. Jur. 158, § 128, and cases cited in note 11.

■■ Appellant further contends that appellee Mrs. L. E. Gibbs failed to prove a regular chain of title from and under the sovereignty of the soil as required by the three years' statute of limitation. We sustain this contention. Appellee pleaded her title through a deed from her husband to herself, dated January 30, 1928, through a deed from W. M. Hanscom to her husband, dated March 22, 1901, and through mesne conveyances to Hanscom from the sovereignty of the soil. She only proved the deed from her husband to herself, and the deed from Hanscom to her husband, and the continuous possession of the land by herself and her husband since they purchased the land in 1901. She made no attempt to prove a regular chain of title to Hanscom from and under the sovereignty of the soil. One claiming title to land under the three years' statute of limitation must allege and prove a regular chain of transfers from and under the sovereignty of the soil. Grigsby v. May, 84 Tex. 240, 19 S. W. 343; Haring v. Shelton, 103 Tex. 10, 122 S. W. 13; Barrera v. Guerra (Tex. Civ. App.) 122 S. W. 902; Saxton v. Corbett (Tex. Civ. App.) 122 S. W. 75. Since appellee alleged that she deraigned title from and under the sovereignty of the soil, but failed to prove the allegation as herein held, the judgment will be reversed and the cause remanded with regard to appellee's plea of title by the three years' statute of limitation.

■ The court also found that, at the time Gibbs deeded the land in controversy to his wife, they owned as community property 20 head of cattle of the value of $50 per head, and that Gibbs was therefore solvent, and that his conveyance of the land to his wife was not voluntary or fraudulent within the meaning of article 3997. If supported by the evidence, this finding and conclusion would require an affirmance of the judgment. We have reached the conclusion, however, that the evidence does not support the judgment in this regard. The cattle were the increase of cattle given to Mrs. Gibbs or inherited by her from her relatives. A brand was registered in her name, and all the cattle branded with her brand. Both of the appellees testified that they had always considered the cattle as belonging to Mrs. Gibbs. She sold the increase, and the money was always paid to and kept by her as her separate money. Mr. Gibbs told the sheriff in June, 1929, that he had neither cattle nor land subject to the execution then in the hands of the sheriff.

■ The trial court concluded from this undisputed evidence that the 20 head of cattle

were the community property of R. E. P. Gibbs and his wife on the date the deed in question was executed, basing its conclusion upon the statute making the increase of such cattle community property, and apparently upon a holding that the testimony was merely the conclusions of the witnesses and could not supersede the statute. It is true that the community estate with regard to the increase of cattle which are the separate property of either spouse is a creature of law and not of contract or convention. But this does not prevent the free right of transfer of the increase from one spouse to the other, whether by purchase or gift; the only requirement being that the property has an actual or potential existence. The 20 head of cattle were in existence. They were branded in the registered brand of Mrs. Gibbs. They were always treated as the property of Mrs. Gibbs. She sold the increase as her separate property, and both Mr. and Mrs. Gibbs testified that the cattle were considered and treated as the separate property of Mrs. Gibbs, and that Mr. Gibbs told the sheriff that he had no cattle subject to appellant's execution. Under similar facts it has often been held by our courts that the increase of the cattle belonging to the separate estate of a wife was in fact her separate property. Amend v. Jahns (Tex. Civ. App.) 184 S. W. 729; Wofford v. Lane (Tex. Civ. App.) 167 S. W. 180; Schneider v. Fowler, 1 White & W. Civ. Cas. Ct. App. §§ 856–858; Saylor v. Saylor (Tex. Civ. App.) 20 S.W.(2d) 229.

The judgment will be affirmed in part, and in part reversed and remanded in accordance with this opinion.

Affirmed in part, and in part reversed and remanded.

### On Motions for Rehearing.

Both appellant and appellees have filed motions for rehearing. With the exception of affirming the portion of the judgment decreeing 80 acres of the 435 acres of land in controversy to be the homestead of the Gibbs, we reversed and remanded the cause generally; and many of the grounds urged in the motion for rehearing by appellant are therefore without merit.

We held the evidence insufficient to sustain the findings and conclusions of the trial court that R. E. P. Gibbs was solvent at the time he conveyed the 435 acres of land in controversy to his wife, and that the conveyance did not come within the inhibition of article 3997, R. S. 1925. While we stated that, if the $285 of Mrs. Gibbs' money or property were used to pay for the land, such would be a valuable consideration, still we intended to and do with regard to her plea of title under the three years' statute of limitation base our decision upon the ground that the deed from Gibbs to his wife, based entirely upon the consideration of love and affection, is valid as between the parties, and that such deed, though executed in fraud of creditors, constituted "title or color of title" within the meaning of that term as used in the three years' statute of limitation. Speer on Marital Rights, pp. 183, 184, § 134; Shaw v. Ball (Tex. Com. App.) 23 S.W.(2d) 291; and the cases cited in our original opinion.

Appellees contend in their motion that, since the trial court found that R. E. P. Gibbs intended to execute the deed in repayment of $285, the deed operated as a preferment by Gibbs of his wife as a creditor over other creditors, which he had the right to do. The trial court did not base its judgment upon this theory of title, and appellees have not cross-assigned error because the trial court refused to so render judgment. The rule is well settled that an error not cross-assigned by an appellee is waived. Prairie Lea Production Co. v. Lincoln Tank Co. (Tex. Civ. App.) 294 S. W. 270.

The undisputed facts also show this contention not tenable, because Mrs. Gibbs' $285 in money and property was used to purchase a different tract of land, because there was no express or implied agreement that the conveyance was in payment of the $285, and because, in any event, it was not shown that the $285 would be a fair consideration for the land, nor was it shown what portion of the value of the land the $285 would represent. Parker v. Coop, 60 Tex. 116; Blum v. Rogers, 71 Tex. 668, 9 S. W. 595; Oaks v. West (Tex. Civ. App.) 64 S. W. 1033.

The motions are overruled.

Overruled.