### HORSLEY et al. v. PHILLIPS.

### No. 2084.

Court of Civil Appeals of Texas. Waco.

March 23, 1939.

T. R. Mears, of Gatesville and Ardell Williams, of Hamilton, for plaintiffs in error.

Allen & Allen, of Hamilton, for defendant in error.

ALEXANDER, Justice.

This suit was brought by Goodwyn Phillips against W. M. Horsley and his mother, Mrs. J. C. Horsley, to set aside a conveyance of land from the mother to the son on the ground that the same had been made for the purpose. of defrauding Mrs. Horsley's creditors. A trial before the court without a jury resulted in judgment for plaintiff. The defendants sued out this writ of error.

The trial court filed findings of fact in which it was found that on the 18th of October, 1927, Phillips recovered a judgment against Mrs. Horsley for the sum of $607.42 and costs of suit. This judgment was properly abstracted but became dormant because of failure to issue execution within twelve months. On September 19, 1932, Mrs. Horsley, who was insolvent, for a cash consideration of $1,000, conveyed to her son, W. M. Horsley, her undivided one-half interest in the land in question for the purpose of defrauding her creditors. W. M. Horsley was familiar with her purposes. He paid approximately the value of the property. The deed to him was recorded on September 20, 1932, in Erath county, where the land was situated. The parties all resided in Hamilton county. At the time of the conveyance, the land was occupied by another son of Mrs. Horsley who owned an undivided interest therein. He continued to occupy the land for himself and as tenant for the other joint owners for a year or two after the conveyance, but was later replaced by another tenant who cultivated the land for the joint owners. On February 18, 1937, Phillips brought this suit to set aside the conveyance from Mrs. Horsley to W. M. Horsley. On April 24, 1937, he caused his judgment against Mrs. Horsley to be revived.

Plaintiff in error's first proposition is that the judgment held by Phillips against Mrs. Horsley was insufficient to

support an action to cancel the conveyance, because said judgment was dormant at the time the conveyance was made. It was held in Kelley v. Stubblefield, Tex.Civ. App., 26 S.W.2d 281, par. 4, that a judgment, although dormant for want of execution, could be considered in determining the solvency of the judgment debtor and in passing on the question as to whether a conveyance by him had been made for the purpose of defrauding his creditors. See, also, 20 Tex.Jur. 419, sec. 61. This proposition is overruled.

 The second proposition is that plaintiff's cause of action was barred by limitation. This contention is based on the fact that the deed of conveyance had been recorded for more than four years at the time this suit was filed. Suits of this kind are regulated by the four year statute of limitations. R.S. art. 5529; 20 Tex.Jur. 486; Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 797, 76 A.L.R. 855. However, the cause of action does not accrue nor does limitation begin to run until the fraud is discovered or could be discovered by the exercise of ordinary care. The recording of the deed in a county other than plaintiff's residence would furnish constructive notice of the conveyance but this alone would not be sufficient to charge plaintiff with knowledge that the sale had been made for the purpose of defrauding creditors. In discussing this question, the Supreme Court, in the case of Eckert v. Wendel, supra, said: "The creditor's cause of action to annul a fraudulent conveyance accrues when the creditor acquires knowledge of the fraud or would have acquired such knowledge in the exercise of ordinary care. Registration of the fraudulent conveyance at a certain date is merely one circumstance bearing on the creditor's actual or presumed knowledge." In the case at bar the plaintiff testified that he did not want to levy on the land so long as it belonged to Mrs. Horsley because he did not desire to disturb her in her declining years. The plaintiff resided in Hamilton county and the deed of conveyance was recorded in Erath county. He testified that he did not learn of the sale until a short time before he filed his suit to set it aside. He had not noticed any change in the possession of the land in the meantime and was unaware that Mrs. Horsley had undertaken to place it beyond the reach of her creditors. This evidence was sufficient to support the trial court's finding that plaintiff had no actual knowledge of the alleged fraudulent sale until a very short time before the suit was filed. This assignment is overruled.

We think there was evidence to support the trial court's finding that W. M. Horsley accepted the conveyance of the property with knowledge that Mrs. Horsley intended thereby to defraud her creditors. The conveyance was therefore void as to Mrs. Horsley's creditors. R.S. art. 3996, Vernon's Ann.Civ.St. art. 3996; 20 Tex.Jur. 405.

The judgment of the trial court is affirmed.