D. J. HOERSTER, RECEIVER, V. ERNST WILKE, SR., ET AL.

No. 7772. Decided January 7, 1942.
Rehearing overruled February 4, 1942.
(158 S. W., 2d Series, 288.)

*Bill Watkins*, of Llano, *Agnes Sagebiel* and *Petsch & Usener*, of Fredericksburg, for plaintiff in error, D. J. Hoerster.

*J. B. Wieser*, of Fredericksburg, and *N. T. Stubbs*, of Johnson City, for defendant in error Emma Wilke.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed by D. J. Hoerster, as receiver for Oscar Krauskopf and William Bierschwale, who formerly as partners had operated a private bank under the name of Citizens Bank, at Fredericksburg, Texas, against Ernst Wilke, Sr., on a note for $3,000.00, dated January 21, 1931, payable on demand to the bank. The receiver filed such suit on August 7, 1934, solely for the purpose of setting aside three alleged fraudulent conveyances; one a transfer of a $11,900.00 vendor's lien note to the wife of Ernst Wilke, Sr., made on June 11, 1928, and the other two conveyances were of real estate, made by Ernst Wilke, Sr., to his daughters on May 30, 1930. Ernst Wilke, Sr., among other things, pleaded limitation against the debt.

His wife, Emma Wilke, and the children to whom the conveyances were made, pleaded the three and four-year statutes of limitation, and by cross action sought to have their titles to the respective properties quieted. The case was submitted to the jury on special issues, and in response to the answers by the jury to the special issues the trial court rendered judgment in favor of Hoerster, as receiver, for the full amount of the debt; but cancellation of the conveyances was denied, and title to the respective properties was quieted in the grantees.

Both D. J. Hoerster and Ernst Wilke, Sr., appealed to the Court of Civil Appeals; and the judgment of the trial court, in so far as it rendered judgment in favor of Hoerster, as receiver, against Ernst Wilke, Sr., was affirmed. In all other respects the judgment of the trial court was reversed, and the cause was remanded for a new trial. 140 S. W. (2d) 952.

Plaintiff in error contends that the Court of Civil Appeals erred in holding that adverse possession of real estate under a fraudulent conveyance for three years established a limitation title under the provisions of Article 5507, Vernon's Annotated Civil Statutes, and that such holding conflicts with the opinions of this and other courts, which hold that Article 5529, Vernon's Annotated Civil Statutes, prescribes the period of limitation for causes of action seeking to set aside conveyances condemned by Article 3996 and 3997, Vernon's Annotated Civil Statutes, and that Article 5529 becomes operative on the discovery of fraud, or when it would have been discovered by the exercise of reasonable diligence.

The jury found: (a) That Ernst Wilke, Sr., was at the time the debt accrued a member of the partnership business of Sudden Service Garage; (b) that he held himself out to the officers of the bank as such partner; (c) that the officers of the bank believed at the time they extended credit to the Sudden Service Garage that Ernst Wilke, Sr., was a partner; (d) that a reasonably prudent person would have so believed that he was a partner; (e) that prior to the accrual of said debt Ernst Wilke, Sr., promised the officers of the bank that he would be personally responsible for the overdrafts of the Sudden Service Garage; (f) that the bank extended credit to the Sudden Service Garage on reliance of such promise; (g) that Ernst Wilke, Sr., did not sign the note as surety for his son; (h) that Ernst Wilke, Sr., was indebted to the plaintiff in error; (i) that each of the conveyances was void as to creditors; (j) that the fraud perpetrated by the conveyances could not have been discovered until the filing of the suit; (k) that the conveyances of May 30, 1930, rendered the principal defendant, Ernst Wilke, Sr., insolvent; (l) that the conveyance of the vendor's lien note to the wife of Ernst Wilke, Sr., did not render him insolvent; and (m) that the grantee children under the deeds of May 30, 1930, had held adverse possession of the land under the provisions of Article 5507. The court found that the conveyances, though evidencing a cash consideration of $28,900.00, were wholly without consideration.

In 1841 this State adopted as its public policy the following statute, which is now Article 5507, and which reads as follows:

"Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward."

Article 5529 reads as follows:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

Article 3996 condemns as being void any instrument made to delay, hinder, or defraud any creditor. Article 3997 provides in part that any instrument made to a debtor, which is not based upon a valuable consideration, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within the State, subject to execution, sufficient to pay his existing debts; but that such instrument shall not on that account merely be void as to subsequent creditors.

This Court has repeatedly held that suits filed to set aside fraudulent conveyances are regulated by the four-year statute of limitation, as provided for in Article 5529. It has also held that the cause of action does not accrue, nor its limitation begin to run, until the fraud is discovered, or could have been discovered by the exercise of reasonable diligence. Eckert v. Wendel, 120 Texas 618, 40 S. W. (2d) 796, 76 A. L. R. 855; Horsley v. Phillips (Civ. App.), 126 S. W. (2d) 703; 20 Tex. Jur., pp. 485-487, secs. 132-134.

■ The three instruments involved here, and under which the grantees claim title, are regular and in the usual form. They do not on their face excite suspicion or suggest fraud. The jury found that the grantees under the deeds of May 30, 1930, had held adverse possession of the land "under title or color of title" as provided for in Article 5507. The rule has long prevailed in this State that where a grantee has held possession of land, under a deed complying with the terms of Article 5507, for a period of three years, he can sustain such title received under such deed under the three-year statute of limitation. This rule obtains regardless of the provisions of Article 5529, relating to the four-year statute of limitation. Eckert v. Wendel,

supra; Rutherford v. Carr, 99 Texas 101, 87 S. W. 815; Shaw v. Ball (Com. App.), 23 S. W. (2d) 291; Watkins v. Gibbs (Civ. App.), 66 S. W. (2d) 355; Reynolds v. Lansford, 16 Texas 287.

We have carefully examined the other questions presented in plaintiff in error's application for writ of error, as well as those presented in defendants in error's application for writ of error, and we conclude that the Court of Civil Appeals correctly disposed of such questions in its opinion.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 7, 1942.

Rehearing overruled February 4, 1942.