**TEXAS LIFE INSURANCE COMPANY, Appellant, v. A. GOLDBERG et al., Appellees.**

**No. 2459.**

Court of Civil Appeals of Texas. Waco.

Nov. 19, 1942.

TIREY, Justice (dissenting on rehearing).

Upon further consideration I am of the opinion that the evidence is conclusive that the possession of Mrs. Goldberg is adverse within the meaning of the statute of limitations and therefore establishes her title of limitation under Articles 5507, 5508, Revised Civil Statutes. The evidence is without dispute that the property involved was originally community property and in the possession of the Goldbergs; that Goldberg executed and delivered the deed to his wife under date of August 11, 1934, which deed was duly recorded on November 6, 1935. The deed from Goldberg to his wife is regular and in the usual form and on its face does not excite suspicion or suggest fraud. Appellant recovered judgment against A. Goldberg on April 5, 1940; caused an abstract of said judgment

to be issued April 6, 1940; filed it for record with the county clerk on April 8, 1940; and filed this suit on May 30, 1940. That the registration of this deed notified all persons of Mrs. Goldberg's separate claim and constituted a link in the regular chain of her title is, in my opinion, no longer an open question in Texas. This exact question was before the court in Evans Co. v. Guipel, Tex.Civ.App., 35 S.W. 940 (cited with approval by Supreme Court in Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, point page 800, 76 A.L.R. 855) and Watkins Co. v. Gibbs, Tex.Civ.App., 66 S.W.2d 355 (cited with approval by Supreme Court in Hoerster v. Wilke, 138 Tex. 263, 158 S. W.2d 288, point p. 290).

" * * * where property is fraudulently conveyed, by an involved or insolvent debtor, for the benefit of his wife, it is somewhat difficult to determine upon what shall be the tests by which the possession, though remaining apparently with the husband, shall, for the benefit of the wife, become adverse to the antecedent creditor, who has established his claim and recovered judgment against the debtor. * * * As a general rule, the wife can claim the benefit of the Statute to protect her possession, to the same extent that it can be claimed by any other person who may be holding adversely to the rights of the real or pretended owner. In ordinary cases, it would not be material, nor would it affect the rights of the wife, that the property was under the control and supervision of the husband. This is a right conceded to the husband by the Statute, and its exercise cannot, of itself, impair the rights of the wife. * * * Where the property is derived to the wife from the husband, and the possession is not apparently changed, there might be a question whether it could be held to remain really and bona fide with the donee; but the title being recorded, the difficulty vanishes, and the conveyance cannot be regarded as fraudulent and void. The fact of recording has, in this connection, peculiar potency. It gives notice and makes a conveyance good and bona fide which, without it, would be void. * * * It seems to have been conceived below, that adverse possession could not be claimed for the wife as long as she and her husband lived together as man and wife. This is deemed to be erroneous. The fact of union for life, with her husband, cannot affect injuriously the rights of the wife, to acquire and hold property in accordance with law.

Nor, in ordinary cases, is she bound to give any more notice than other owners of property. But in cases like the present, originating in fraud, the existing creditor ought to be apprised by the certain evidence of a record, before his rights can be affected, that the property has been changed from the husband to the wife." Reynolds v. Lansford, 16 Tex. 286, 287. That the rule announced in the foregoing case represents the opinion of the Supreme Court as now constituted is evidenced in Hoerster v. Wilke, supra.

Moreover, all of the evidence is to the effect that Mrs. Goldberg had collected the rents from the property from May 27, 1921, which was the date Goldberg and his wife originally acquired the property, up to the taking of her deposition; and Mrs. Goldberg testified that the North 5th Street property was rendered for taxes in her name and that she paid all of the taxes that were paid thereon. This testimony of Mr. and Mrs. Goldberg was given by deposition and was offered in evidence by appellant. As I view the record, there is no evidence to contradict or impeach the testimony of Mrs. Goldberg that she collected all of the rents and rendered the property for taxes and paid all of the taxes that were paid thereon. Since this evidence was offered by appellant, we think it was bound by this testimony, under the rule stated in Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921, point p. 926; Whitham & Co. v. Allen, Tex.Civ. App., 64 S.W.2d 1024; 17 Tex.Jur. 929, sec. 419; Gurley v. Pilgrim Oil Co., Tex. Civ.App., 275 S.W. 295, 297; and Starkey v. H. O. Wooten Grocery Co., Tex.Civ. App., 143 S.W. 692.

I also think the appellant was bound by the testimony of Mrs. Goldberg as to her possession under the well-established rule " * * * that, when the evidence of an interested witness is direct and positive on the point at issue, and where there are no circumstances in the record tending to discredit or impeach his testimony, a verdict contrary thereto will be set aside, that such testimony will justify an instructed verdict, and that a judgment contrary thereto may be reversed and rendered." Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, point 6, page 279. See, also, Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 96 S.W.2d 788, points 2 and 3, p. 790.

Mr. Justice Alexander, in the last case cited, said the rule should be applied in

cases "where the facts establishing the truth or falsity of the matter testified to by the interested witness do not rest exclusively within the bosom of the witness but are open and visible to every one, and it is easy for the opposite party to procure testimony to the contrary in the event the evidence of the interested witness be false." Mrs. Goldberg's testimony presents this exact situation.

My view is that the deed from Goldberg to Mrs. Goldberg did constitute in law a link in the chain of her title requisite to perfect the defense of limitation of three years under the authority of Pearson v. Burditt, 26 Tex. 157, 80 Am.Dec. 649; Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 76 A.L.R. 855; Id., Tex.Civ.App., 57 S. W.2d 865; Douglas v. First National Bank, 120 Tex. 631, 40 S.W.2d 801; J. R. Watkins Co. v. Gibbs, supra; John S. Oates, Trustee, v. Johnson, Tex.Civ.App., 96 S.W.2d 1119; and Hoerster v. Wilke, supra; and that Mrs. Goldberg carried the further burden of showing conclusively that her possession was adverse within the meaning of the statute as hereinabove indicated, and that the trial court properly directed a verdict for her. In my opinion appellees' motion for rehearing in behalf of Mrs. Goldberg should be granted.