**TEXAS LIFE INS. CO. v. GOLDBERG et al.**

**No. 2624.**

Court of Civil Appeals of Texas. Waco.

Dec. 7, 1944.

A. D. Mabray, of Waco, for appellant.

Naman, Howell & Boswell, of Waco, for appellees.

RICE, Chief Justice.

This suit was brought by Texas Life Insurance Company to set aside as fraudulent and voluntary within the purview of Articles 3996 and 3997 of Vernon's Annotated Texas Civil Statutes, two deeds executed by A. Goldberg, the one to his wife, the other to his son, and to foreclose its judgment lien on the real property in said deeds described.

By way of cross-action, Mrs. Goldberg asserted title to the real property conveyed to her by her husband (hereinafter referred to as the Fifth Street property) under the three year statute of limitation, as embraced in Articles 5507 and 5508, Vernon's Annotated Texas Civil Statutes. The deed to Mrs. Goldberg was dated August 11, 1934, and was filed for record November 6, 1935. This suit was filed May 30, 1940. It was stipulated during the trial that there was a complete chain of title to said Fifth Street property from the sovereignty of the soil into A. Goldberg, and a deed thereto from him to his wife, all duly recorded in the Deed Records.

This is the second appeal of this cause. On the former appeal, this court, by a majority opinion, held that the evidence as a whole did not, as a matter of law, establish title in Mrs. Goldberg to the Fifth Street property under the three year statute of limitation; that the trial court was in error in peremptorily instructing the jury in her favor; and reversed and remanded this cause for another trial.

But for the two exceptions hereinafter noted, the record on this appeal is substantially the same as that on the former appeal. On the first trial the jury was peremptorily instructed to return a verdict for Mrs. Goldberg on her cross-action; on the second trial the court submitted special issues to the jury and judgment was entered in favor of Mrs. Goldberg upon the answers of the jury to the material and controlling issues submitted. The record on this appeal contains the evidence of three witnesses, who did not testify on the first trial, who were produced by Mrs. Goldberg and who testified in respect to her possession of the Fifth Street property. For the sake of brevity, reference is made to the majority opinion of this court, reported in Texas Life Ins. Co. v.

Goldberg, Tex.Civ.App., 165 S.W.2d 790, and the dissenting opinion reported in Tex. Civ.App., 167 S.W.2d 270.

The jury found that Mrs. Goldberg either in person or through tenant or tenants, or partly in person and partly through tenant or tenants, held peaceable and adverse possession of the North Fifth Street property for three years prior to the 30th day of May, 1940 (the date of the institution of this suit). The jury was unable to agree as to the answers to be made to the two following submitted special issues:

"No. 2: Do you find from a preponderance of the evidence in this suit that the conveyance of the North Fifth Street property by defendant, A. Goldberg, to his wife, Rachel Goldberg, by the deed dated August 11, 1934, was made with the intent to delay, hinder or defraud his creditors?

"No. 3: Do you find a preponderance of the evidence in this suit that defendant, Mrs. Rachel Goldberg, had notice of such intent on the part of defendant, A. Goldberg, to delay, hinder or defraud his creditors at the time he executed the deed dated August 11, 1934, to her on the North Fifth Street property?"

Appellant takes the position that the deed to Mrs. Goldberg from her husband was void because executed while the latter was insolvent; not upon a consideration deemed valuable in law, with intent to hinder, delay and defraud his creditors, of which intent Mrs. Goldberg had notice or knowledge. Appellant further reasons that since said deed was void, it would not constitute such title or color of title as would support the three year statute of limitation.

We overrule this contention.

The deed from Goldberg to his wife was fair upon its face and recited a consideration deemed sufficient in law. This deed was not void as between the parties thereto. The registration of said deed was notice to all persons of Mrs. Goldberg's separate claim to the property therein described and constituted a link in the regular chain of her title. Pearson v. Burditt, 26 Tex. 157, 80 Am.Dec. 649; Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 76 A.L.R. 855; Eckert v. Wendel, Tex.Civ.App., 57 S.W.2d 865; Douglas v. First Nat. Bank, 120 Tex. 631, 40 S.W.2d 801; J. R. Watkins Co. v. Gibbs, Tex.Civ.App., 66 S.W.2d 355; Oates v. Johnson, Tex.Civ.App., 96 S.W.2d 1119.

The verdict of the jury was returned into court with Special Issues 2 and 3 above set forth unanswered. The court received the jury's verdict with said two issues unanswered, and rendered judgment on the verdict in favor of Mrs. Goldberg. Appellant takes the position that Special Issues 2 and 3 above set forth were ultimate controlling issues of fact, and that the court erred in receiving the verdict of the jury with said two issues unanswered, and in rendering judgment thereon in favor of Mrs. Goldberg.

We overrule this contention.

By way of cross-action, Mrs. Goldberg, joined pro forma by her husband, sued appellant in trespass to try title to the Fifth Street property, predicating her right of recovery upon her adverse possession of said property for three years under the deed from her husband dated August 11, 1934, and filed for record November 6, 1935.

As stated above, the jury, on sufficient evidence, found that Mrs. Goldberg had held peaceable and adverse possession of the Fifth Street property for three years prior to the 30th day of May, 1940 (the date of the institution of this suit).

The foregoing finding was in respect to an ultimate, controlling and independent ground of recovery asserted by Mrs. Goldberg, and rendered immaterial the answers of the jury to the remaining submitted issues pertaining to the Fifth Street property. If the jury had found in answer to Special Issues Nos. 2 and 3 above set forth that A. Goldberg, by deed dated August 11, 1934, had conveyed the Fifth Street property to his wife with intent to delay, hinder or defraud his creditors and that Mrs. Goldberg had notice of such intent at the time he so executed the deed above mentioned, it would nevertheless have been the duty of the court on proper motion, in view of the jury's favorable finding in respect to Mrs. Goldberg's claim of title to the property under the three year statute of limitation, to have rendered judgment in favor of Mrs. Goldberg for the title and possession of the Fifth Street property.

The deed from Goldberg to his son conveying a vacant lot recited a consideration of $100 paid. In respect to this transaction the jury found that such conveyance was made by A. Goldberg with intent to delay, hinder or defraud his creditors, but that his son had no notice of such

intent. A. Goldberg testified that his son paid him $100 cash for the lot.

Appellant takes the position that the above-mentioned deed was void because executed at a time when the grantor was insolvent and with intent to hinder, delay and defraud his creditors. In our opinion, appellant's position is not well taken.

The deed was executed upon a consideration deemed valuable in law, and therefore does not come within the provisions of Article 3997, Vernon's Annotated Civil Statutes.

In order to bring this transaction within the scope of Article 3996, it was incumbent on appellant to establish by evidence and secure a finding not only that A. Goldberg executed the deed to his son with intent to hinder, delay and defraud his creditors but that his son had notice of such intent. The jury, on evidence which we deem sufficient, found the son had no such notice. Chauncey v. Gambill, Tex.Civ.App., 126 S.W.2d 775, point 9 at page 779.

We have carefully considered each of the points presented by appellant's brief, and have reached the conclusion that none of them presents reversible error.

The judgment of the trial court is accordingly in all things affirmed.