**Charles A. JONES, Appellant,**

v.

**Jimmy L. HARRISON and Leota Eloise Stephens, Appellees.**

**No. 04–88–00393–CV.**

Court of Appeals of Texas,
San Antonio.

June 28, 1989.

Rehearing Denied July 26, 1989.

Donald S. Bayne, Johnson & Christopher, Inc., San Antonio, for appellant.

Ronald S. Schmidt, Schmidt & Davis, P.C., San Antonio, William B. Chenault, III, San Antonio, for appellees.

Before REEVES, CHAPA and CARR, JJ.

OPINION

CARR, Justice.

This is a suit by a judgment creditor (appellant) to foreclose a judgment lien on two different parcels of real property in which the original judgment debtor (David W. Madden) had separately sold both properties to third parties (appellees) after appellant's judgment had been properly abstracted and indexed. Both Harrison and Stephens asserted the affirmative defense of limitations title. Harrison also asserted that the property which he obtained from Madden had been Madden's homestead, exempt from execution, and had therefore been conveyed to him free of Jones' judgment lien.

After a non jury trial, the trial court entered judgment in favor of Harrison and Stephens, holding that the Jones' lien was barred. The trial court overruled Jones' motion for new trial, timely filed finding of

fact and conclusions of law, to which Jones objected and this appeal followed.

The facts in this case are not in dispute and the only question is the legal effect of those facts. The parties have stipulated that Jones had a valid lien on the two parcels of property, and that he complied with the statutory prerequisites to foreclose his lien. The parties have also stipulated[1] that, to the extent they apply, Harrison and Stephens have complied with the prerequisites of the three and five-year adverse possession statutes, TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.024 and 16.025.

The relevant statutes to the disposition of this case are TEX.CIV.PRAC. & REM. CODE ANN. §§ 16.024, 16.025, AND 16.-030(a).

Section 16.024 states:

A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues.

Section 16.025 states:

A person must bring suit no later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who:

(1) cultivates, uses, or enjoys the property;

(2) pays applicable taxes on the property; and

(3) claims the property under a duly registered deed.

Section 16.030(a) states:

If an action for the recovery of real property is barred under this chapter, the person who holds the property in peaceable and adverse possession has full title, precluding all claims.

In his first point of error appellant contends that the trial court erred in finding that Jones' action to foreclose his judgment lien on the Harrison and Stephens property was barred by limitations because the action was brought within the ten-year period authorized by TEX.PROP.CODE ANN. § 52.006 (Vernon 1987), that the judgment was not dormant as defined by TEX.CIV. PRAC. & REM.CODE ANN. § 34.001, and that as a matter of law the three, four, and five-year statutes of limitation do not apply to actions to foreclose judgment liens.

■ Under the facts of this case, the central issue is whether a limitations title by the adverse possession of the successor of title of the judgment debtor extinguishes a judgment lien.

■ We hold that it does under TEX. CIV.PRAC & REM.CODE, § 16.024 (Three year Statute of Limitations), § 16.025 (Five-year Statute of Limitations), and § 16.030. *Shaw v. Ball*, 23 S.W.2d 291 (Tex.Comm'n App.1930, Judgment Adopted). We further hold that limitations commenced to run against judgment lienholder, Jones, from the time of the entry into possession by the respective appellees who purchased from the judgment debtor. *White v. Pingenot*, 90 S.W. 672 (Tex.Civ.App.–1905 writ ref'd n.r.e.).

Appellant's point of error one is overruled.

In view of our holding in favor of appellee under appellant's first point of error we need not address appellant's second point of error. TEX.R.APP.P. 90(a).

Judgment is affirmed.

---

1. Relevant Stipulations:

06–21–78: Jones Abstract of Judgment recorded.

09–15–78: Madden conveys Parcel 2 to Harrison.

11–27–79: Madden conveys Parcel 1 to Nowaski.

05–23–83: Nowaski conveys Parcel 1 to Stephens.

09–07–84: Jones files instant suit.